UNITED STATES, Appellee

v

CHAUNCY P. CRAMER, JR., Private First Class, U. S. Marine Corps, Appellant

8 USCMA 221, 24 CMR 31

*Major R. D. Humphreys* argued the cause for Appellant, Accused.
*First Lieutenant Daniel P. Reardon, Jr.,* argued the cause for Appellee, United States.

## Opinion of the Court

GEORGE W. LATIMER, Judge:

Accused was convicted by a special court-martial on a specification stating that he wrongfully and dishonorably defiled the flag of the United States of America. A recitation of the evidence is neither necessary nor desirable. After the taking of evidence had been completed and a finding of guilty returned, the president of the court requested that trial counsel advise the members on the maximum punishment imposable. Trial counsel complied with the request and notified the president that the maximum punishment which could be assessed was imprisonment for not more than thirty days or a fine not exceeding $100, or both. The court in closed session disregarded the advice, for when it returned a sentence it had imposed punishment of a bad-conduct discharge, confinement at hard labor for a period of six months, partial forfeitures for the same period of time, and reduction to the grade of private. The convening authority diminished the confinement and forfeitures to a four-months period but otherwise affirmed the findings and sentence. The staff legal officer for the supervisory authority reached the same conclusion as the trial counsel and recommended a reduction to meet the legal limit. The supervisory authority, however, disagreed with his legal adviser and affirmed the sentence as reduced by the convening authority. A board of review in the office of The Judge Advocate General of the Navy approved the findings and sentence, with one member dissenting, and we granted accused's petition to settle the question.

A search of the Manual for Courts-Martial, United States, 1951, shows that the particular offense herein charged is unmentioned in either the punitive articles or the Table of Maximum Punishments. It, therefore, becomes necessary to follow the requirements of paragraph 127c of the Manual, which provides:

"*Maximum punishments.* — The punishment stated opposite each offense listed in the Table of Maximum Punishments is hereby prescribed as the maximum punishment for that offense, and for any lesser included offense if the latter is not listed, and for any offense closely related to either if not listed. If an offense not listed in the table is included in an offense which is listed and is also closely related to some other listed offense, the lesser punishment prescribed for either the included or closely related offense will prevail as the maximum limit of punishment.

"Offenses not listed in the table, and not included within an offense listed, or not closely related to either, remain punishable as authorized by the United States Code (see, generally, Title 18) or the Code of the District of Columbia, whichever prescribed punishment is the lesser, or as authorized by the custom of the service."

Counsel for the Government seeks to sustain the present sentence by asserting that the crime of which the accused was convicted is closely related to the offense of uttering disloyal statements undermining discipline in the service and loyalty to the Government. That offense is found listed in the Table of

222

Maximum Punishments and, if similarity could be found to exist, the present sentence could be sustained. Counsel seeks to support his argument by citing as examples the case of United States v Batchelor, 7 USCMA 354, 22 CMR 144, and allied cases. We have considerable difficulty in recognizing any similarity. Uttering disloyal statements has for its purpose the promotion of disaffection among troops, thereby causing servicemen to be disloyal to our form of government and useless to their cause. The acts committed by this accused were degrading to him and disrespectful to the flag. However, they probably would cause the onlookers to revolt at the desecrator—not to diminish their respect for the symbol of our National Government. Regardless of their contemptuous nature, accused's acts were not of a type which fall within the scope of uttered or written words which would promote disaffection among the troops. We are, therefore, convinced that the offense of which the accused was convicted cannot fairly be said to be closely related to uttering disloyal statements.

That brings us to the last alternative found in paragraph 127c of the Manual, supra—that we should look ▆▆▆▆▆▆ ▆ to the United States Code or the Code of the District of Columbia to ascertain if they prescribe the particular offense and, if they do, the maximum punishment which may be imposed. It so happens that in this instance, both the United States Code and the Code of the District of Columbia have provisions proscribing the offense and setting forth the punishment for its commission. Section 3, Title 4, United States Code, provides for a sentence of a fine not exceeding $100, imprisonment for not more than thirty days, or both. The same punishment is provided by Section 22–3414 of the District of Columbia Code. Being equal, no problem is posed as to which should be used. We, therefore, designate the maximum sentence in this case as that provided for in the United States Code as limited by the provisions of paragraphs 126h (3) and 127c, Manual for Courts-Martial, United States, 1951.

Counsel for the Government presses on us the argument that if we conclude the offense charged is not ▆▆▆▆▆▆ ▆ closely related to the offense of uttering disloyal statements, at the very least, a simple disorder has been committed and the punishment of four months confinement provided in the Table of Maximum Punishments for that offense should be used. We might be disposed to accept that assertion if the disorder had been committed at some place other than the shower room on the post, with no civilians present; but, under the Table of Maximum Punishments, a disorder in command, quarters, station, or camp does not carry a penalty of four months. Disorderly conduct in those places permits incarceration for one month only and a partial forfeiture for the same period of time. That is less than may be imposed under the United States Code, and the nature of this offense is such that the maximum sentence permissible under any of the alternative provisions of the Code and the Manual should be permitted. We are inclined to agree with Government counsel that the facts of this case make it an aggravated defilement and that the conduct of the accused should be severely punished. However, we have no authority to fix penalties and courts-martial are bound by the limits set by the President. He has provided a method to ascertain the appropriate punishment in cases of this character and the limit cannot be exceeded. The Congress of the United States has considered the question and it has placed a ceiling on the sentence which may be imposed in Federal courts. Under military law, we are required to use that yardstick unless a different one has been provided by the President of the United States. We find he has made no provision for increasing the penalty in the armed forces and we, therefore, follow the requirement that we look to the other Federal statutes for guidance.

The decision of the board of review is reversed and the matter is returned to a board of review for reconsideration of the appropriateness of sentence in accordance with the views we herein express.

223

Chief Judge QUINN concurs in the result.

FERGUSON, Judge (concurring in the result):

I concur in the result reached in the principal opinion. I fully agree that the defilement here involved was aggravated. I disagree, however, with the implication contained in the principal opinion that because the defilement was so aggravated "the maximum sentence permissible under any of the alternative provisions of the Code and the Manual should be permitted." The fact that the punishment authorized under the United States Code is more severe than that provided for in the Table of Maximum Punishments should not be relied upon as a basis in reaching our conclusion. Furthermore, whether or not the accused should be "severely punished" for his conduct is not for this Court to decide but is a matter for the consideration of the convening authority and the court-martial, and the board of review.